IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,517






EX PARTE DELMAR LEE PARKER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR20,703 IN THE 20TH DISTRICT COURT

MILAM COUNTY






 Per curiam.


O P I N I O N




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of possession of a controlled substance, and punishment was assessed
at twenty (20) years' confinement. Applicant's conviction was affirmed on appeal. Parker
v. State, No. 03-04-00133-CR (Tex. App. - Austin, delivered October 24, 2005, no pet.).

 Applicant contends, inter alia, that he was denied the opportunity to petition for
discretionary review because he never received notice of the decision on appeal from
appellate counsel. The record supports this claim. The trial court finds that applicant's attorney
did send notice that applicant's conviction had been affirmed. The record supports this finding. 
However, it appears that applicant did not receive the notice. Counsel's letters to applicant contain
the incorrect TDCJ number, an affidavit from an employee at the TDCJ mail room shows that
applicant did not receive any mail during the relevant time period, and the State has agreed that it
appears that applicant did not receive notice of the decision on appeal. We find, therefore, that
Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the
judgment of the Third Court of Appeals in Cause No. 03-04-00133-CR that affirmed his conviction
in this cause.

 Habeas corpus relief is granted and Applicant is granted the opportunity to file an out-of-time petition for discretionary review from his conviction in cause number CR20,703 in the
20th District Court of Milam County. The proper remedy in a case such as this is to return
Applicant to the point at which he can file a petition for discretionary review. We hold that
Applicant, should he desire to file a petition for discretionary review, must file his petition for
discretionary review with the Third Court of Appeals within thirty (30) days of the date on which
this Court's mandate issues. All other claims are dismissed. See Ex parte Torres, 943 S.W.2d
469 (Tex. Crim. App. 1997).


DO NOT PUBLISH

DELIVERED: September 27, 2006